UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MENETTE ADAMS HAMBRICK | CIVIL ACTION |
| VERSUS | NO. 26-2129 |
| WALGREEN CO. | SECTION "M " (3) |

**ORDER AND REASONS**

*Pro se* Plaintiff Menette Adams Hambrick filed a Motion for Leave to File Second Amended Complaint (R. Doc. 20). Defendants do not oppose the Motion. The Motion clarifies the roles of the two defendants and expands Plaintiff's factual allegations.[1] Having considered the Motion, the record, and the applicable law, the Motion (R. Doc. 20) is **GRANTED**.

Plaintiff filed the instant action on August 11, 2026; Defendants removed it to federal court on September 22, 2026.[2] Plaintiff pursues state and federal claims to include breach of duty of care, public accommodation discrimination, and disability discrimination against "Walgreen Co." and "Walgreens Louisiana Co. Inc."[3] Plaintiff alleges that on or about June 4, 2025, Defendants' pharmacist filled her pain medication prescription but warned Plaintiff that she would not fill future prescriptions unless Plaintiff obtained a Louisiana driver's license.[4] Plaintiff alleges that on August 26, 2025, Defendants' pharmacist refused to dispense controlled pain

[1] R. Doc. 20 at 1.
[2] R. Doc. 1 at 1.
[3] R. Doc. 20-2 at 4–5
[4] *Id.* at 2.

medication to Plaintiff because she possessed only a Georgia driver's license.[5] Plaintiff alleges that she then attempted to fill her prescription at seven additional pharmacies and was denied service due to not being an established customer.[6] Plaintiff alleges that she was able to obtain noncontrolled prescriptions from another pharmacy, but was not able to obtain her desired controlled medication.[7]

Under Rule 15(a)(2), if more than 21 days have passed after service of a responsive pleading, then the party may amend its pleading only with the opposing party's written consent or the court's leave. The court "should freely give leave when justice so requires."[8] The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L.L. Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Although leave to amend is to be freely given under Rule 15(a)(2), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure

---

[5] *Id.* at 1.
[6] *Id.* at 3.
[7] *Id.*
[8] Fed. R. Civ. P. 15(a)(2).

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "Absent a 'substantial reason' … 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).

Each of the Rule 15 factors weighs in favor of amendment. The parties are in the early stages of litigation. The proposed pleading clarifies the separate roles of the defending parties, and Defendants do not object to the proposed amendment. Nor is there any indication that amendment would be unduly prejudicial or futile. The amended complaint was filed approximately two weeks after removal from state court. The undersigned finds no undue delay.

For the reasons set forth above,

**IT IS ORDERED** that the Motion (R. Doc. 20) is **GRANTED**. Plaintiff's proposed Second Amended Complaint (R. Doc. 20-2) shall be filed in the record.

New Orleans, Louisiana, this 6th day of November, 2026

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE